United States District Court
District of Connecticut
FILED AT BRIDGEPORT

February 3, 20 22

By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE GRAND JURY SUBPOENA<br>N-21-1-55 (17) | : <br> : <br> : | No. 3:22mj123 SDV <br><br> February 3, 2022 |

## APPLICATION FOR NON-DISCLOSURE ORDER

The United States respectfully submits this application, pursuant to 18 U.S.C. § 2705(b), for an order providing that the provider identified below ("Provider") may not notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the grand jury subpoena identified below ("Subpoena") **until February 3, 2023, absent further order from the Court**:

| Provider | Subpoena |
|---|---|
| Apple Inc. | N-21-1-55 (17) |

The Provider identified above is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). The subpoena requires the corresponding Provider to disclose certain records and information to the United States pursuant to 18 U.S.C. § 2703(c)(2).

Because the government is not required to provide notice of the subpoenas, *see* 18 U.S.C. §2703(c)(3), the government may apply for an order under 18 U.S.C. § 2705(b) "commanding a provider of electronic communications service or remote computing service . . . , for such period

as the court deems appropriate, not to notify any other person of the existence" thereof. The order shall issue if the Court "determines that there is reason to believe that notification of the existence" of the subpoena would result in one of several enumerated harms, including "flight from prosecution; destruction of or tampering with evidence; . . . or otherwise seriously jeopardizing an investigation."

In this case, a non-disclosure order is appropriate because the subpoena relates to an ongoing grand jury investigation. While the fact of that investigation has been made public, the scope and many aspects of that investigation are not public, including the government's interest in the account subscriber's electronic communications and other data stored by the Provider. Accordingly, disclosure of the subpoena would likely alert the subjects of the investigation to the government's interest in his electronic communications and thus risk obstructing the investigation. Given the nature of this investigation, some of the evidence likely exists in electronic form. If alerted to this aspect of the investigation, the account holder could easily destroy or tamper with that evidence, whether stored by a third-party service provider or on personal computers, mobile phones, or other electronic devices. Accordingly, there is reason to believe that notification of the existence of the subpoena will seriously jeopardize the investigation, including by giving subjects of the investigation an opportunity to destroy or tamper with evidence and change patterns of behavior.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or contents of the subpoena **until**

**February 3, 2023, absent further order from the Court**, except that the Provider may disclose the subpoena to an attorney for the purpose of receiving legal advice.

>Respectfully submitted,
>
>LEONARD C BOYLE
>UNITED STATES ATTORNEY
>
>Digitally signed by DAVID NOVICK
>Date: 2022.02.03 13:01:00 -05'00'
>
>DAVID E. NOVICK
>ASSISTANT U.S. ATTORNEY
>Federal Bar No. phv02874
>157 Church Street, 25th Floor
>New Haven, CT 06510
>Tel: 203-821-3700
>Email: David.Novick@usdoj.gov